UNITED STATES DISTRICT COURT
SOUTHERN DISTRRICT OF FLORIDA

Case No. 11-60101-CIV-COOKE/TURNOFF

THE PROVIDENT BANK,

    Plaintiff

vs.

JACK BITTLEMAN,

    Defendant.

_____/

## ORDER DENYING MOTION TO VACATE DEFAULT AND FINAL JUDGMENT

THIS MATTER is before me on Defendant's Motion to Vacate Default Judgment. (ECF No. 23). I have reviewed the record, the arguments, and the relevant legal authorities. For the reasons explained below, the Motion to Vacate is denied.

### Background

On October 29, 2008, Elite Financial Group, Inc. issued a Simple Interest Note Disclosure and Security Agreement (the "Note") in favor of Defendant Jack Bittleman in the amount of $148,800.00, for the purchase of a 2008 Rinker vessel model 320, Hull ID Number RNK903141708. After executing the Note, Elite Financial Group, Inc. assigned the Note to The Provident Bank ("Provident"). In order to secure payment of the Note, Mr. Bittleman executed and delivered a First Preferred Ships Mortgage to Provident, and agreed to give Provident a security interest in the vessel.

In or about August 2010, Mr. Bittleman defaulted on the Note and Mortgage. In accordance with the associated acceleration clauses, Provident demanded full payment for the total amount due. On January 14, 2011, Provident filed suit to recover the debt owed under the Note and Mortgage, in the amount of $153,210.20, plus interest. (*See* Compl., ECF No. 1).

Provident served Mr. Bittleman with the Complaint on January 20, 2011.  On or about February 10, 2011, David Jay Bernstein, Esq. mailed Provident a Motion for Enlargement of Time to Respond to the Complaint on behalf of Mr. Bittleman.  The Motion was not filed in CM/ECF in compliance with this Court's Local Rules.  Rather, on February 16, 2011, Provident filed Mr. Bittleman's Motion along with its Response.

On March 7, 2011, Mr. Bernstein filed a Notice of Attorney Appearance on behalf of Mr. Bittleman.  (ECF No. 8).  On March 28, 2011, Provident filed a Motion for Default for Mr. Bittleman's failure to answer or otherwise respond to the Complaint, pursuant to Rule 55 of the Federal Rules of Civil Procedure.  (ECF No. 9).  On April 12, 2011, Mr. Bittleman was ordered to show case as to why default should not be entered against him, in favor of Provident.  (ECF No. 11).  Mr. Bittleman failed, or otherwise refused, to respond to the Order to Show Cause and, accordingly, default judgment was entered against him on June 30, 2011, in the amount of $162,027.31.  (*See* ECF Nos. 12, 19).  Mr. Bernstein filed a Motion to Withdraw as Mr. Bittleman's attorney on November 22, 2011, which was granted on January 27, 2012.  (ECF Nos. 20, 32).  On January 6, 2012, Mr. Bittleman, appearing *pro se*, moved to vacate the judgment. (ECF No. 23).

**Legal Standard**

"[T]he proper, and … exclusive method for attacking a default judgment in the district court is by way of a Rule 60(b) motion." *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1507 (11th Cir. 1984) (citing Fed. R. Civ. P. 55(c)).  Pursuant to Rule 60(b), a court may set aside a default final judgment where a party demonstrates: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been

satisfied, released, or discharged; or (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).

Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1970) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970), *cert. denied*, 399 U.S. 927 (1970)).[1]

## Discussion

Mr. Bittleman alleges that he "was only made aware of [the] judgment after counsel failed to reply to various motions," and that he "was under the belief that a settlement was reached between himself and [Provident] in good faith."  (Mot. to Vacate at 2 ¶ 1, ECF No. 23). Mr. Bittleman also claims that he "was never given an opportunity to defend the matter due to counsel being ill."  (*Id.* ¶ 7).  Although Mr. Bittleman does not expressly state legal grounds to support the Motion to Vacate, it appears that his arguments are based upon Rule 60(b)(1) and Rule 60(b)(6).[2]

### A.  *Rule 60(b)(1) - Excusable Neglect*

To establish excusable neglect under Rule 60(b)(1), the defaulting party must show that: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion

---

[1] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Firth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] As a *pro se* litigant, Mr. Bittleman's pleadings have been liberally construed.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) ("In the case of a pro se action…the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers").  However, "this lenience does not give a court license to serve as de facto counsel for a party…or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted).

would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (citing *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)). In order to establish a meritorious defense, the moving party "must make an affirmative showing of a defense that is likely to be successful." *Id.* at 1296.

In his Motion to Vacate, Mr. Bittleman argues that "the default was directly caused by the failure of the Boa Dealer to deliver the warrantee or re-in burse [sic] the Defendant for out of pocket costs for repairs that were warrantee items." (ECF No. 23 ¶ 8). It is not clear, however, how this argument explains Mr. Bittleman's failure to make timely installment payments for the vessel. Likewise, Mr. Bittleman offers no evidence to show that setting aside the default judgment would not result in prejudice to Provident. To the contrary, granting Mr. Bittleman's request for relief may further prejudice Provident as Mr. Bittleman is considering filing for bankruptcy and has delayed Provident's efforts to take his deposition. (*See* ECF No. 28 ¶ 8). Even under the liberal construction afforded to *pro se* litigants, Mr. Bittleman has failed to establish a meritorious defense.

Mr. Bittleman has also failed to demonstrate a good cause for his failure to respond to the Complaint. Mr. Bittleman claims that his attorney's illness justifies a finding of excusable neglect. "[I]llness alone is not a sufficient basis for setting aside a judgment." *Abbey v. Mercedes-Benz of North America, Inc.*, No. 04-80136-CIV, 2007 WL 879581, at *1 (S.D. Fla. Mar. 20, 2007). Indeed, "illness and resulting error or general negligence fails to constitute excusable neglect as intended by Rule 60(b)(1)." *Lender v. Unum Life Ins. Co. of America, Inc.*, 519 F.Supp.2d 1217, 1221-22 (M.D. Fla. 2007). Although "a technical error or slight mistake by a party's attorney [does] not deprive the party of an opportunity to present the merits of his

claim," an attorney's negligent failure to respond to a pleading does not constitute excusable neglect. *Ehlers*, 8 F.3d at 783. Nor do settlement negotiations. At minimum "a party must demonstrate his own diligence, even where the attorney commits gross misconduct." *S.E.C. v. Simmons*, 241 F. App'x 660, 664 (11th Cir. 2007) (citing *Solaroll Shade*, 803 F.2d at 1133). A party has a duty to monitor his case to ensure that his interests are sufficiently represented by his attorney. *Elhers*, 8 F.3d at 784.

For almost four months after he was made aware of the judgment against him on August 26, 2011, Mr. Bittleman has failed to respond to the Complaint, motions, and orders. (*See* ECF No. 28 ¶ 11). The record clearly establishes that Mr. Bittleman was given an opportunity to defend that matter and failed to do so, even after he demonstrated actual awareness of the judgment. (*See* ECF No. 28, ¶¶ 8-9). Mr. Bittleman's "inaction demonstrates a lack of diligence." *Elhers*, 8 F.3d at 784. Furthermore, Mr. Bittleman has not presented verified evidence of his attorney's illness or of any prior settlement agreements. Mr. Bernstein's Motion to Withdraw does not indicate that he was unable to represent Mr. Bittleman due to illness or any other medical condition. (*See* ECF No. 20). Rather, the Mr. Bernstein claimed that he was unable to proceed as counsel due to irreconcilable differences between himself and his client. (*Id.*). Because relief under the argument of excusable neglect cannot be premised on illness, attorney error, or general negligence, Mr. Bittleman's arguments do not compel a finding of relief under Rule 60(b)(1).

### B. *Rule 60(b)(6) - Any Other Reason Justifying Relief*

Rule 60(b)(6) "is a broadly drafted umbrella provision which has been described as a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)

(citations omitted).  Vacating a judgment under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Id.* (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)); *see also Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1288 (11th Cir. 2000).  Moreover, Mr. Bittleman "must prove some justification for relief." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 115 (11th Cir. 1993) (quoting *Solaroll Shade*, 803 F.2d at 1132.  "The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin*, 722 F.2d at 680 (citations omitted).  Mr. Bittleman fails to show that absent relief, a hardship, much less an "extreme" or "unexpected" hardship, would result.  (*Id.*)  Furthermore, Mr. Bittleman fails to show that he "is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393, (1991).  Although Mr. Bernstein's purported illness and limited communication with Mr. Bittleman may have been challenging, this case does not present equitable factors to warrant Rule 60(b)(6) relief.

## Conclusion

For the reasons explained in this Order, it is hereby **ORDERED and ADJUDGED** that Mr. Bittleman's Motion to Vacate Default and Final Judgment (ECF No. 23) is **DENIED**.  The Final Default Judgment (ECF No. 19) entered in favor of Provident shall remain in effect.

**DONE and ORDERED** in chambers, at Miami, Florida, this 20th day of April 2012.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*
Jack Bittleman, *pro se*